IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


DERROL DEE KIRBY, III                                                                    PLAINTIFF

            v.                          Civil No. 06-2168

JOHN ROTH, Ex-Chief of Police,
Barling, Arkansas, Police Department;
LARRY MERCHANT, next in charge under
Police Chief, Barling Police Department;
CITY OF BARLING; KEVIN DOUGAN,
Patrolman, Barling Police Department; and
JOHN BARBOR, Patrolman, Barling
Police Department                                                                       DEFENDANTS

**ORDER**

    Pending before me are:  (1) the Plaintiff's motion to alter or amend the judgment (Doc.

104); (2) the Plaintiff's motion for attorney's fees; and (3) Defendants' motion (Doc. 108) to

withdraw the satisfaction of judgment filed on January 11, 2012 (Doc. 107).  Each motion will be

addressed in turn.

    **Motion to Alter or Amend Judgment** (Doc. 104)

    On November 9, 2010, judgment was entered in this case following a bench trial.  The

Court found that excessive force was used against the Plaintiff when a taser was used on him

during a traffic stop.  However, this ruling applied only to the use of the taser to force compliance

with the pat-down search.  "Once Plaintiff began fighting the officers, which began at some point

after the second burst was administered, the Court can not say the force applied at that point was

unreasonable or excessive." (Doc. 72 at pg. 22).  Barbor was held liable for having deployed the

taser.  Roth, Merrill, and Dougan were held liable for failure to intervene in the use of excessive

-1-

force.  Plaintiff was awarded $167.42 in damages for medical expenses.  The City of Barling was also held liable for having an unconstitutional taser policy and was given until December 15, 2010, to submit revised policies.  Finally, judgment was entered in Defendants' favor on the denial of medical care claim.

Plaintiff appealed the judgment.  The Court of Appeals for the Eighth Circuit affirmed in part, reversed in part, and remanded the case to this Court.  *Kirby v. Roth, et al.,* 416 Fed. Appx. 572 (8th Cir. 2011).  The Eighth Circuit affirmed the grant of judgment in Defendants' favor on the denial of medical care claim and on the award of $167.42 for Plaintiff's medical expenses.  The Court remanded for a determination of whether Plaintiff was entitled to an award of damages for pain and suffering and punitive damages.

On remand, a supplemental hearing was held on October 6, 2011.  The Court heard the testimony of nine witnesses and had a number of exhibits admitted into evidence.  On December 27, 2011, a memorandum opinion and judgment were entered awarding Plaintiff $1 nominal damages for pain and suffering and declining to award punitive damages.  In so holding, the Court noted that the majority of Plaintiff's injuries were incurred when he resisted the police officers after the initial use of the tasers.

Plaintiff now argues that in awarding him only $1 in nominal damages the Court failed to: take into consideration the excruciating pain caused by the taser; correctly apply the law of the case; and recognize the law regarding compensatory and punitive damages.  Defendants' quite naturally maintain the law was correctly applied and Plaintiff is not entitled to additional damages for pain and suffering or punitive damages.

AO72A
(Rev. 8/82)

After reviewing the original opinion (Doc. 72), the opinion (Doc. 103) following the remand, and the current motion (105) as well as Defendants' response (Doc. 109), the Court believes it is appropriate to award Plaintiff $100 for the pain and suffering he endured when the tasers were first deployed. As previously noted, the majority of Plaintiff's injuries occurred when he resisted officers after the initial use of the tasers. (Doc. 103 at pg. 9). The testimony established that the taser utilized a five-second burst of 50,000 volt. After the use of the taser, Plaintiff resisted the commands of the officers and continued to struggle with them. After careful consideration of the evidence introduced in both hearings, I conclude the $100 award serves to compensate Plaintiff for the initial use of the taser. Plaintiff is not entitled to compensation for the subsequent use of force and his injuries due to his resistence.

To award punitive damages in a § 1983, "the fact finder must, as a threshold matter, find that a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Williams v. Hobbs*, 662 F.3d 994, 1011 (8th Cir. 2011)(internal quotation marks and citation omitted). "Punitive damages punish a defendant for outrageous, intentional, or malicious conduct, and deter similar extreme conduct in the future." *Schaub v. VonWald*, 638 F.3d 905, 922 (8th Cir. 2011).

Although the initial use of the taser has been found to amount to excessive force, I cannot say that the Defendants were motivated by evil motive or intent or reckless or callous indifference to the federally protected rights of others. The evidence established that departmental policy was to use the taser before hand-to-hand contact with a suspect. I find credible the officers' testimony that they believed they were complying with departmental policy and believed the use of the taser was necessary for their own safety as well as the safety of others. The officers testified Plaintiff

-3-

was becoming disorderly, curling his fists, cursing, and posing a danger to himself and others. In short, the Defendants' conduct was not sufficiently egregious to justify an award of punitive damages. An amended judgment will be entered.

**Motion for Attorney's Fees & Costs** (Doc. 105)

Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff asks that his counsel be awarded attorney's fees in the amount of $15,900 representing 53 hours of work at $300 per hour. This case was transferred to this district on September 21, 2006. Luther Sutter began representing the Plaintiff in June of 2011. On July 27, 2011, Defendants made an offer of judgment in the amount of $2500.

The offer was refused by the Plaintiff. Plaintiff has recovered less than the amount offered. As a result, Defendants are not liable for fees incurred after a Rule 68 of the Federal Rules of Civil Procedure offer of judgment is made. *See City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986).

Pursuant to § 1988, the Court has the discretion to allow a prevailing party a reasonable attorney's fee as part of the costs. 42 U.S.C. § 1988. The Supreme Court has stated that:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

-4-

*Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983) (internal citations omitted).

Twelve factors have been identified in considering the amount of fees that should be awarded.  *Id.*  These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.* at 430 n. 3.  The degree of plaintiff's success is the most critical factor in selecting a reasonable fee award."  *El-Tabech v. Clark*, 616 F.3d 834 (8th Cir. 2010)(internal quotation marks and citation omitted).

The fees incurred prior to the offer of judgment constitute 17.80 hours of work at $300 per hour.  The maximum fees that may be recovered are $5340.[1]   In support of his fee petition Mr. Sutter has provided his own affidavit[2] and that of another attorney Don Spears.  Mr. Sutter's affidavits contains no indication that he was precluded from taking other cases during the pendency of this case.  The legal issues were not novel or complex.  With respect to his fee, Mr. Sutter fails to indicate whether he accepted the case on a contingent fee basis or if Plaintiff had agreed to pay

---

1.  The cap on fees contained in the Prison Litigation Reform Act, 42 U.S.C. § 1997e(d)(2), limiting fees to 150% of the damage award, does not apply when non-monetary relief is obtained. *Foulk v. Charrier*, 262 F.3d 687, 703 n. 17 (8th Cir. 2001).  In this case, the City of Barling was directed to revise its policies with respect to the use of tasers.

2.  The affidavit refers to Mr. Crift having paid certain costs.  The court assumes this is in error.

-5-

an hourly rate.  With respect to the results obtained, a reduction is warranted in view of the limited success on the merits.  Plaintiff did not prevail on his denial of medical care claim, the compensatory damages awarded were not significant in amount and were far less than the offer of judgment was, and no punitive damages were awarded.  Plaintiff did, however, prevail on his excessive force claim, he was awarded monetary damages in the amount of $ 267.42, and Defendants were order to revise their policy with respect to the use of tasers.  Considering this, I believe a reduction of 25% is appropriate.  Plaintiff's counsel will be awarded in the amount of $4,005.

**Motion to Withdraw** (Doc. 108)

Defendants filed a satisfaction of judgment on January 11, 2012 (Doc. 107).  They have moved to withdraw this.  The motion (Doc. 108) is granted.  The satisfaction of judgment (Doc. 107) is considered withdrawn.

IT IS SO ORDERED this 24th day of April 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-6-